UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAWNUELL KELLY,

    Plaintiff,

v.

AAA Bowls Unlimited, Inc., a Washington Corporation, dba SKYWAY PARK BOWL; OFFICER ALEX QUIRT and "JANE DOE" QUIRT, husband and wife, and the marital community composed thereof; and MARCUS HUMPHREY and "JANE DOE" HUMPHREY, husband and wife, and the marital community composed thereof,

    Defendants.

CASE NO. C04-2214C

ORDER

This matter comes before the Court on the Plaintiff's Motion to Compel Defendant's Production of Documents (Dkt. No. 18). Having reviewed the materials submitted by the parties and determined that oral argument is not necessary, the motion is GRANTED, subject to the conditions of this order and for the reasons set forth below.

//

//

//

ORDER – 1

## I.  BACKGROUND

Plaintiff filed this action on October 27, 2004 alleging that Defendants had violated his civil rights and had unlawfully arrested and imprisoned him.  (*See* Pl.'s Compl.)  On February 3, 2005, Plaintiff sent Requests for Production to Defendant Skyway Park Bowl ("Skyway"), requesting the job applications of the security officers who detained Plaintiff and the incident reports relating to similar detentions at Skyway by those security officers, Defendants Quirt and Humphrey.  (Pl.'s Mot. Compel, Bucher Decl., Ex. at 27-41.)  Skyway objected on the basis of protecting the privacy interests of the third parties identified in the reports.  (Pl.'s Mot. Compel 2-3.)  Skyway indicated that the documents might be produced under a protective order; however, Skyway never proposed such an order.  (*Id.*)  Plaintiff acknowledged Skyway's privacy concerns and sent a proposed protective order to Skyway's counsel.  (*Id.*)  Subsequent to several telephone conversations on the matter and after rejection of the Plaintiff's proposed protective order, Skyway's counsel indicated that the documents would not be provided even under a protective order.  (*Id.*)  Defense counsel suggested Plaintiff bring the matter before the Court (*Id.* at 3), which Plaintiff has done in this Motion to Compel Production filed on July 21, 2005.

## II.  ANALYSIS

### A.  *Production of Documents*

If a party fails to respond or objects to a request for production of documents, the party submitting the request may move for an order to compel production under Fed. R. Civ. P. 37(a).  *See* Fed. R. Civ. P. 34(b).  Skyway objects to the Plaintiff's requests on the grounds that production of the documents requested would violate the privacy interests of the third parties named in them.  This objection is not sufficient to completely prevent the documents from being produced.

Skyway makes no arguments against producing the job applications of the security officers who detained the Plaintiff.  No third party privacy interest will be violated if the job applications are produced, so no protective order is necessary regarding the job applications.  Further, the social security numbers and birthdates of the officers can be redacted without impacting the usefulness of the documents.

ORDER – 2

Plaintiff does not object to the redaction of the officers' social security numbers and birthdates. (Pl.'s Mot. Compel 3 n.1.) Therefore, Plaintiff's motion to compel production of the job applications of the security officers who detained the Plaintiff is GRANTED, subject to the terms of this order.

Skyway's privacy objection to the production of the incident reports filed by the security officers does have some merit. However, this privacy interest is insufficient to completely prevent discovery of the requested documents.

The resolution of a privacy objection requires balancing the need for the information sought against the privacy right asserted. *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995). The Plaintiff's need for the incident reports outweighs any invasion of the privacy of third parties, especially under the limitations of this order. The Plaintiff's need for the incident reports is great. Further, "in civil rights cases against police departments, plaintiffs cannot usually obtain information of comparable quality from any other source." *See id.* at 616-17. The information contained in the incident reports is not available from any other source, particularly the names, pictures, and contact information of those detained, the circumstances under which they were detained (i.e., the substance of the incident reports), and the names and contact information of any witnesses. The only argument in favor of protecting the privacy of third parties is that the information contained in the incident reports might embarrass them. While the cases cited by the Defendant support the proposition that privacy interests of third parties should be accounted for in discovery disputes, none of those cases support an absolute ban on the production of much-needed documents.[1]

---

[1] *See Perry v. State Farm Fire and Cas. Co.*, 734 F.2d 1441, 1447 (11th Cir. 1984) (denial of request for production not error where requesting party had no real need for the information); *Breed v. United States Dist. Court N.D. Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) (limiting exposure to the documents to those employed by party's counsel); *Soto*, 162 F.R.D. at 617 (compelling discovery subject to protective order); *Cook v. Yellow Freight Sys., Inc.*, 132 F.R.D. 548, 552 (E.D. Cal. 1990) (limiting discovery to names and addresses of employees and their employment records subject to their consent); *Kelly v. City of San Jose*, 114 F.R.D. 653, 672 (N.D. Cal. 1987) (compelling discovery subject to protective order); *Rubin v. Regents of Univ. of Cal.*, 114 F.R.D. 1, 4 (N.D. Cal. 1986) (denying motion to reconsider order compelling discovery).

ORDER – 3

This order reaches the appropriate balance between the Plaintiff's need for information and the privacy interests of third parties. Information unrelated to the Plaintiff's claims, such as social security numbers, birthdates, and driver's license and license plate numbers, can be redacted. The privacy of third parties can be protected further by ordering the Plaintiff to use the reports only for purposes of this litigation, to not share them with anyone outside his counsel's office, and to return the copies of the reports to Skyway at the conclusion of the case. *See Soto*, 162 F.R.D. at 617 (including similar terms in protective order); *Martinez v. City of Stockton*, 132 F.R.D. 677, 685 (E.D. Cal. 1990) (same). Therefore, Plaintiff's motion to compel production of the incident reports is GRANTED, subject to the terms of this order.

### B. Attorney's Fees

Plaintiff is entitled to attorney's fees he has incurred in filing this motion to compel. Attorney's fees should not be granted if the opposing party's nondisclosure, response, or objection is substantially justified. Fed. R. Civ. P. 37(a)(4)(A). An opposing party's failure to adequately respond to discovery is substantially justified if there is a genuine dispute or if reasonable people could differ as to whether the party must comply. *Pierce v. Underwood*, 487 U.S. 522, 565 (1988). Skyway claims its refusal to produce the incident reports was substantially justified based on its concerns regarding the privacy of third parties. However, there is no genuine dispute about Skyway's duty to produce the documents requested in some form, as no reasonable person would think Skyway's position—refusing to produce the incident reports under any circumstance—was correct based on the case law cited by Skyway. *See supra* note 1. While Skyway may have been substantially justified in protecting third party privacy interests, it was not substantially justified in refusing to produce the reports at all. Plaintiff drafted a proposed protective order and sent it to Skyway, but Skyway did not consent to it and did not propose its own protective order. But for Skyway's unjustified refusal to turn over any information contained in the incident reports, the Plaintiff would not have had to file this motion. *See Rivers v. Am. Exp. Centurion Serv. Corp.*, 184 F.R.D. 670, 671-72 (M.D. Fla. 1998) (plaintiff's filing motions to compel and related

ORDER – 4

costs attributed to defendant even if defendant acted in good faith in failing to produce responsive documents). Therefore, the Plaintiff's request for attorney's fees incurred in filing this motion is GRANTED.

For these reasons, it is hereby ORDERED:

(1) Plaintiff's motion to compel production of documents is GRANTED.

(2) Defendant Skyway shall produce the job applications of Defendants Quirt and Humphrey, subject to the protections of this order.

(3) Defendant shall produce incident reports, trespass reports, employee notes, or other documents created between the years 1999 and 2004 by Defendants Quirt and Humphrey relating to incidents resulting in the detention of members of the public at Skyway, subject to the protections of this order.

(4) Defendant shall omit from the documents produced pursuant to Orders 2 and 3 information relating to the Social Security Numbers, birthdates, and driver's license and license plate numbers all parties referenced therein. No other omissions shall be made.

(5) Materials produced pursuant to Orders 2 and 3 may be disclosed only to the following persons: (a) counsel for any party to this action; (b) those assisting counsel for any party to this action; (c) court personnel engaged in proceedings that are necessarily incidental to preparation for the trial of this action; (d) any outside expert or consultant retained in connection with this action; and (e) witnesses, who may have the materials disclosed to them during deposition proceedings but may not leave the deposition with copies of the materials.

(6) Plaintiff shall only use the documents produced pursuant to Order 3 for purposes of this litigation.

(7) Plaintiff shall return all documents produced pursuant to Order 3 to Defendant Skyway at the conclusion of this litigation.

(8) Defendant shall cause to be paid to Plaintiff $3,710.00 as compensation for the fees Plaintiff

ORDER – 5

1  incurred in filing this motion.

2      SO ORDERED this <u>27th</u> day of September, 2005.

*[signature: John C. Coughenour]*

John C. Coughenour

United States District Judge

ORDER – 6